Argued and submitted October 13, affirmed December 14, 1989

In the Matter of the Marriage of

PURCELL,
*Respondent,*
*and*

PURCELL,
*Appellant.*

(D8807-65077; CA A50420)

783 P2d 1038

Elizabeth A. Trainor, Portland, argued the cause for appellant. With her on the brief was Tooze Marshall Shenker Holloway & Duden, Portland.

Robert L. McKee, Portland, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals from a judgment awarding spousal support and attorney fees to wife in this dissolution action. On *de novo* review, we affirm.

Husband and wife were married in 1985. Before their marriage, they entered into a prenuptial agreement that provided that neither would have a claim for support from the other during the marriage or in the event of dissolution. It further provided that attorney fees should be awarded to the prevailing party in any action brought to enforce terms or conditions of the agreement. At the time of dissolution, wife testified that she had no money or savings and was temporarily unable to work due to an injury to her hand. The trial court held that wife was entitled to temporary spousal support of $750 per month for six months and awarded her a judgment for attorney fees pursuant to ORS 107.105(1)(i).

We first note that the Uniform Premarital Agreement Act does not apply to this agreement executed in 1985. ORS 108.700 *et seq.* Section 11 of that Act provides:

> "This Act takes effect on January 1, 1988, and applies to any premarital agreement executed on or after that date. Nothing in this Act invalidates any prenuptial agreement entered into before January 1, 1988." Or Laws 1987, ch 715, § 11.

A provision in a prenuptial agreement providing that no spousal support shall be paid will be enforced, unless the spouse has no other reasonable source of support. *Unander v. Unander,* 265 Or 102, 107, 506 P2d 719 (1973). We find that wife was without a reasonable source of support at the time of dissolution. She had no insurance to pay medical bills and no savings and was unemployed because of her hand injury. The court did not err in awarding wife temporary support.

Husband argues that the award of attorney fees to wife should be eliminated, because he was entitled to fees under the terms of the agreement, and that he should be awarded fees. The relevant portion of the agreement provides:

> "11.  **ATTORNEY'S FEES:** In case suit or action is brought to enforce any of the terms or conditions of this Agreement, the prevailing party shall be entitled to reasonable

attorney's fees to be set by the court in said suit or action including such fees on appeal therefrom."

However, the parties' agreement is silent on the issue of a statutory right to attorney fees pursuant to ORS 107.105(1)(i). If the parties did not contract away their statutory right to seek attorney fees, then the trial court had authority to make an award to wife not subject to the terms of the agreement. At trial, husband did not request attorney fees. Assuming, without deciding, that husband was the prevailing party under the terms of the agreement, his entitlement to attorney fees must be premised on a request. Because he did not seek an award of attorney fees in the trial court, we decline to consider the issue. *See* ORAP 7.19(5).

Affirmed. Costs, not including attorney fees, to wife.